THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| IN THE MATTER OF: | ) |
| | ) |
| OLIVER W. MOTEN III, | ) CASE NO. 15-31077 DWH 13 |
| | ) |
| SS# XXX-XX-4042, | ) CHAPTER 13 |
| | ) |
| DEBTOR. | ) |

## OBJECTION TO CONFIRMATION

COMES NOW Nissan Motor Acceptance Corporation and objects to confirmation. As grounds for said objection, Nissan states as follows:

1. The Debtor, Oliver W. Moten, III ("Debtor"), filed this Chapter 13 case on April 27, 2015 (the "Petition Date"). The Debtor's Chapter 13 Plan of the same date provided to make certain payments to Movant, Nissan Motor Acceptance Corporation (hereinafter "Nissan").

## The ALTIMA

2. Nissan is the holder of a secured claim with respect to a **2014 Nissan Altima, VIN# 1N4AL3AP7EC327774**, by virtue of a "Simple Interest Retail Installment Contract" executed between the Debtor and Movant, on or about November 28, 2014, a true and correct of which is attached hereto as **Exhibit "A."** Pursuant to the contract, the Debtor agreed to pay for the vehicle over a 75-month term in installments of $317.02 per month at an interest rate of 3.32%. As of the Petition Date, the balance due thereon was $20,421.68. A copy of the Certificate of Title for said 2014 Nissan Altima is attached hereto as **Exhibit "B."**

3. Nissan objects to confirmation with regard to this vehicle on the following grounds:

    a. that the Debtor's Plan offers proposes to pay Nissan with an interest rate of zero percent (0%), which is inadequate. Nissan demands that the Debtor pay

1

the contract rate of interest, which is 3.32%, on the basis that the contract was executed only five months before the Debtor's bankruptcy filing.

      b.     that the Debtor's Plan does not offer to make any adequate protection payments to Nissan. Nissan demands that the Debtor make adequate protection payments up until the point when plan payments will begin. The Plan states that no plan payments will be made until after confirmation, and even then, Nissan will not receive anything until all of the attorneys' fees owed to the Debtor's counsel have been paid. The Debtor does not have equity sufficient to protect Nissan's interest in its collateral during this indefinite period of time, according to its NADA value of $18,400.00.

4.     Further, Nissan has no proof of insurance, which subjects Nissan Motor Acceptance Corporation to a further risk of loss and lack of adequate protection as to its collateral.

WHEREFORE, PREMISES CONSIDERED, Nissan Motor Acceptance Corporation objects to confirmation, and seeks such relief as may be deemed appropriate.

### The FRONTIER

5.     Nissan is the holder of a secured claim with respect to a **2015 Nissan Frontier, VIN# 1N6AD0CU4FN716349**, by virtue of a "Simple Interest Retail Installment Contract" executed between the Debtor and Movant, on or about November 26, 2014, a true and correct of which is attached hereto as **Exhibit "C."** Pursuant to the contract, the Debtor agreed to pay for the vehicle over a 72-month term in installments of $314.62 per month at an interest rate of 3.99%. As of the Petition Date, the balance due thereon was $18,809.30. A copy of the Certificate of Title for said 2015 Nissan Frontier is attached hereto as **Exhibit "D."**

2

6. Nissan objects to confirmation with regard to this vehicle on the following grounds:

    a. that the Debtor's Plan offers proposes to pay Nissan with an interest rate of zero percent (0%), which is inadequate. Nissan demands that the Debtor pay the contract rate of interest, which is 3.99%, on the basis that the contract was executed only five months before the Debtor's bankruptcy filing.

    b. that the Debtor's Plan does not offer to make any adequate protection payments to Nissan. Nissan demands that the Debtor make adequate protection payments up until the point when plan payments will begin. The Plan states that no plan payments will be made until after confirmation, and even then, Nissan will not receive anything until all of the attorneys' fees owed to the Debtor's counsel have been paid. What little equity, if any, the Debtor has in the vehicle is not sufficient to protect Nissan's interest in its collateral during this indefinite period of time.

7. Further, Nissan has no proof of insurance, which subjects Nissan Motor Acceptance Corporation to a further risk of loss and lack of adequate protection as to its collateral.

WHEREFORE, PREMISES CONSIDERED, Nissan Motor Acceptance Corporation objects to confirmation, and seeks such relief as may be deemed appropriate.

                                        /s/ Bradley R. Hightower
                                        Bradley R. Hightower
                                        William L. Thuston, Jr.
                                        Attorneys for Nissan Motor Acceptance Corporation

OF COUNSEL:
CHRISTIAN & SMALL LLP
505 20th Street North
Suite 1800
Birmingham, Alabama 35203
Telephone: (205) 795-6588
brh@csattorneys.com
wlt@csattorneys.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing pleading upon the Debtor, Debtor's counsel and Trustee in this cause, via the means indicated for each, on this the 19th day of June, 2015.

Via U.S. Mail:
Oliver W. Moten, III
Jacqueline Moten
4124 Edge Hill Lane
Montgomery, AL 36116

Bankruptcy Administrator
One Church Street
Montgomery, AL 36104

Via CM/ECF E-notice:
Joshua C. Milam
Shinbaum & Campbell
566 S. Perry Street
Montgomery, AL 36104
jmilam@smclegal.com

Curtis C. Reding
Trustee
P O Box 173
Montgomery, AL 36101
redingc@ch13mdal.com

/s/ Bradley R. Hightower
OF COUNSEL